Judge Droney and I are very pleased to be joined today by Judge Laura Taylor Swain from the Southern District of New York. And Judge Swain, thank you for being with us today. Good morning. We will begin and hear argument in the first case, Best v. Griffin. Good morning, Mr. Kozloff. Good morning, your honors, and may it please the court. May Kozloff, on behalf of the petitioner appellant, Mr. Sean Best. This court should overturn the decision of the district court, which denied Mr. Best's habeas petition. Because first, at this point, it is undisputed that the trial court accepted the guilty plea of a man with a long documented history of mental illness. And second, that the trial court did so upon notice of mental health issues without conducting any inquiry into mental health, without making any explicit finding on the record of his competency to plead. Due process demands that upon notice of mental health issues, that notice acts as a constitutional trigger that obligates the court to conduct further inquiry into competence and make an explicit finding on the record. And- What's the source of that? Well, your honor. Principle. Sure, your honor. There are various Supreme Court cases, including Brady and Boykin, that show that there has to be an affirmative showing that a plea is knowing involuntary. And that the record has to support any finding in order for the court to accept a guilty plea. And the Second Circuit has made similar findings in cases like Silverstein v. Henderson in 1983, US v. Chai Tin, I apologize, Yang Chai Tin in 2013. In these cases, when mental health or the need for medications is made aware to the court. You have this broad idea of mental health problems, but there's a difference, a big difference between a defense of mental disease or defect and competence to enter a guilty plea. That defense relates to the time the offense was committed. And competence is at the time of the plea, and you seem to lump the two together. There's plenty of people who are deemed competent that go to trial with the defense of mental disease or defect. Are you saying that anytime someone raises that defense, he's not competent too? Absolutely not, Your Honor. But I am saying that whenever that defense is raised, the issue of competence is then raised, which triggers the obligation to inquire. And this inquiry does not need to be a full-blown competency hearing every time. This is not a great imposition in our trial courts. The judge has the duty to satisfy him or herself. But that judge at the plea had seen him, I think, ten times, she said, previously for earlier hearings, right? So wasn't there an adequate basis for her to conclude? Look, I'm familiar with him. The presumption of competence is not overridden by anything I've seen at the plea. Just because he wants a continuance or may raise this defense doesn't affect my decision as to competence. Isn't the prior conduct or the prior contact that that judge had with that defendant is informing? It's certainly relevant, Your Honor, but the court has an obligation to conduct this inquiry and make an explicit finding on the record. Because it's impossible to now review an empty record that doesn't support a finding of competence. And importantly, there was no finding of competence here. Respondent alludes to this- Presumption of competence, as Judge Droney pointed out. So what's the problem? The problem- Presumed competent, who's the burden on now to show that he was not competent at that time? Well, Your Honor, the focus is whether the trial court fulfilled its obligation to inquire into whether or not the defendant was competent. And so the court doesn't need to decide based on this limited record today that he wasn't competent. The court needs to look at the conduct of the trial court. But the fact, on the record and on the documents now before the court, there's substantial evidence that he was not competent to plea on that day. What about the record from three days later? Is it Mayer and Bankser, I think, who's a PhD, three days after the plea. Says he's got bipolar problems, but he's not on medications. She checks off all the boxes like thought process is logical and relevant. That's three days after the plea. Doesn't that inform the decision too? Well, Your Honor, I'd point your attention to A142, 143 of the record. Okay, I'm looking at 142. Okay. Just three days after the plea, he presents in the prison hospital with auditory hallucinations and delusional thoughts. This is a man that has been struggling with mental health issues since he was 12 years old. First diagnosed with bipolar at age 12, diagnosed with schizoaffective disorder, and has been struggling with these issues for his entire adult life. And so the fact that he couldn't get this mountain of documentary evidence that the court now sees before the court in 2009 on his own accord. Cannot be put on Mr. Best, a high school dropout, limited formal education, and serious mental health issues. Well, he presented it to these two doctors, but she contradicts it. She says the current records indicate otherwise, checks off all those boxes, he's fine. He's got some, maybe some other problems, but no medications. That completes that record on 142, right? Well, Your Honor, I would point your attention to other records also before the court, A161 to 63. Specifically, A186, where his prescriptions for lithium and Risperdal, which were used to treat his mood swings and hearing of voices, his delusional paranoia. He was being treated for this, as the documents show, in February 2009. And so the documents were there if anyone cared to look. Are you saying that a plea allocution is necessarily defective unless it always has an explicit, articulated finding of competency? When mental health is raised, then yes, there's a duty. Sorry. And so the suggestion that there is a duty that might be explored is sufficient to trigger an obligation to make a full record on competency as of the time of the plea. And precludes an implicit finding by the judge based on all of the judge's interactions with the defendant. Yes, Your Honor, that there's a duty to inquire and a duty to make a record that supports a finding of competence and then a duty to actually make that finding. And this, in many cases, will simply require a few quick questions consistent with practice in Federal courts under Rule 11. Not that that should control what the trial courts must do, just that it's not a big burden and it's something that the courts, other courts, function with effectively. What do we do with, in my view, quite high level of deference that we give to the state courts in reaching these determinations? Well, Your Honor, the court has made, the Second Circuit has made clear in various cases, including Pignatore v. Poole, that the court need not defer to a state court's factual determinations if the record as a whole does not support that determination. And that's what we have here. We have a record that is vacant and doesn't support this implicit determination of competence. And so it's due no deference. But- In that decision, she said, here based upon the court's observations of the defendant and his interaction with counsel, this court finds that defendant's plea was knowing and voluntary. This is after she introduced that paragraph by talking about competence. Are we, follow up on Judge Hall, are we required to defer somewhat to that under AEDPA? Well, there is the standard deference under AEDPA, but not to a factual determination or an implicit determination with no supportive record underlying it. And in that case, Your Honor, the issue of mental incompetence, the plea, wasn't exhausted in the state system first. And so that issue wasn't squarely before the court. And so I would submit that point on incompetence was dicta for purposes of that decision. But there are other decisions that find similarly, like Matusiak in 1986, also before this circuit, that an implicit factual determination of competence, quote, was not entitled to deference. They vacated the plea because the court did virtually nothing in the plea hearing to develop the material facts as to the competence of the plea.  Obviously, factually, there are differences, but we have notice of mental health issues, followed by no inquiry into mental health, and no explicit finding of competence. And no system that does that can comport with due process because of the risk, the very real risk, of an incompetent man being incarcerated, which is what we had here. Thank you, Mr. Kosloff. We'll hear from Ms. Stewart now, and you've reserved two minutes for rebuttal. Thank you, Your Honor. Good morning, Your Honors. Priscilla Stewart representing the respondent, Thomas Griffin. Your Honor, as the district court aptly observed, the record here reveals not the slightest suggestion that petitioner was not competent to enter a guilty plea. Petitioner himself has been unable to point to anything amiss in his behavior that would have signaled to either the attorneys or the court that he was unable to comprehend the proceedings or assist in his defense. By accepting petitioner's guilty plea, the court implicitly found that he was fit to proceed. And that implicit finding is supported by the record. Petitioner himself conducted himself appropriately at the proceeding. He addressed the court in a respectful manner and responded appropriately to the court's questions. He confirmed that he understood the terms of the plea agreement and the rights he was waiving by pleading guilty and the consequences of his plea. And as Your Honor has already noted, this judge is particularly well acquainted with the petitioner. Judge White presided over an unrelated case with this same petitioner in which he pleaded guilty and was sentenced and then attempted to withdraw his plea, denied it. Possession of stolen property, was it? Yes, in a prior case. And when she sentenced petitioner, she also arraigned him in this case on the same day. She thereafter presided over pre-trial matters, in this case, over five court appearances over the course of ten months. So by the date of the plea, Justice White had the opportunity to observe his conduct and his interaction with counsel over the course of multiple court appearances. What do we make of the short record of the plea? I know rule 11 doesn't apply in that proceeding, but in most of the pleas I've seen in state court even, ask the defendant, are you under the influence of any alcoholic beverages, or are you under the influence of any medication? When was the last time you took any medication? Can you tell me the medications you've taken recently? That's standard material in a plea in the district court. There's nothing like this, a very short plea colloquy here. What are we to make of that? It is true that many courts do ask those types of questions, but they're not required to in order to fulfill due process. But in this particular case, there was nothing before the court to give the court any reason to think that this petitioner was not competent. And as the Supreme Court has said in Module versus Fulford, the exercise of the trial court's power of observation often proves the most accurate method of ascertaining the truth about a petitioner's fitness to proceed. But in addition, Your Honor, Petitioner's trial counsel and the counsel's supervisor consulted extensively with Petitioner on the day of the plea. And neither of them moved for a competency hearing or in any way suggested that there was any reason to doubt Petitioner's fitness to proceed. And since incompetency involves the inability to assist in preparing a defense, the failure of trial counsel to indicate the presence of such difficulties provides substantial evidence of a defendant's competence. And that is supported by cases from this court, United States versus Ramos and United States versus Gabb. Your Honor, Petitioner actively assisted with his defense on the day of the plea. He himself proposed the psychiatric defense to the charges. But when the court would not give him a further delay in the case, he got his attorney to use that last minute defense to try to haggle for a better sentencing outcome. The court had been offering eight years. The people wanted him to be sentenced to ten years. He tried to use this new defense to get a five year sentence deal, and when that didn't work, he asked for seven years. But that demonstrates that Petitioner well understood that he could use his mental health history as a way to try to get the best advantage for himself during this case. And in fact, three days later, when he met with the medical health professionals, not only did they determine that he had a logical thought process and relevant thought processes, and that he was alert and calm and well organized, but the counselor also noted that he asked, quote, many questions about mental health laws. Trying to find out how they could, quote, help his case. This was a defendant who understood how to use his mental health history to make the attempt to game the system with it. And the fact that the defense that he proposed was a psychiatric one did not suggest that he was not competent at the time he entered the guilty plea. The proposed insanity defense concerned his ability to understand right and wrong at the time of the plea. But incompetence to plead guilty concerns his ability to understand and comprehend the proceedings at the time that he pled guilty, which took place 11 months later. And neither Petitioner's nor his attorney ever suggested to the court that his mental health history or his condition was interfering with his ability to understand the proceedings. And while a court is required to make a competency determination when there is reason to doubt a defendant's competency, the Supreme Court has never suggested that a plea court needs to make such a determination in every case where a defendant pleads guilty. And here, the court had no reason to determine that he was not at that point competent to plead guilty. Mr. Quartz, any further questions of me? I'm just going to make my brief to remain in my argument. Thank you, Ms. Stewart. Mr. Kozloff? Just two quick points in rebuttal. Actually, but let me start off with a question, if I may. Would you address the issue of what, if anything, we should make of trial counsels not having raised the issue? That's exactly where I was going to go for the perfect question. Take it away. It is the court's burden, not the burden of counsel, in order to explore this issue once mental health is- Counsel has an ethical obligation to- Certainly, and while we're foreclosed from arguing ineffective assistance to counsel on this appeal, we think the fact of his ineffectiveness is relevant. The fact of his lack of zealous advocacy on behalf of his client is something this court could use to understand why the record wasn't more complete before the trial court. But regardless, it's the court's burden, and the court cannot rely on representations or lack thereof of appointed counsel in fulfilling its duty to investigate competence. Thank you, your honors, unless you have further questions. Can the court rely on its observation of interaction and decision making with counsel in determining that the defendant who is affirmatively and appropriately responding to the court as well, it does not present any indication of a competency issue? The court can certainly rely in part on his or her own observations of defendant. But that's only part of the equation, and the court needs to make an explicit finding on the record that maybe based on my observations in part, and based on whatever, I'm finding the defendant competent. That was not done here, and so the plea should be made- Not even implicitly? Not even implicitly, nor should any implicit finding be given any deference on habeas. It was later, though, by Justice White, in that 444, the 440 decision. She specifically took a look at competency, and here based upon the court's observations of defendant and his interaction with counsel. This court finds that the defendant's plea was knowing and voluntary. Justice White was the person who had conducted the plea and had seen him ten times before, around ten times. All right, so isn't that something we have to give deference to? I believe it was ten months of interactions, maybe five times. But regardless, the interactions with counsel are only part of the equation, and the judge cannot solely rely on representation. She said observations of defendant and his interaction with counsel. So it was her own observations of defendant, too. Yes, Your Honor. But there was no explicit finding of competence on the record, which is what the Constitution demands. But to Judge Droney's point, sorry to beat this somewhat dead horse, that finding is made, it seems to me, at the 440 proceeding sometime later. You can't do it on a no-pretunk basis, is your argument? Well, if we are to consider the finding that day, we should also consider all the documents that were introduced via the 440. The documents that make clear that he was not competent when he entered his plea, because he had this long history of mental illness. And so if we're going to expand what we view, and not just look at what was directly before the trial court, we should also consider these documents. Thank you very much. Thank you, Your Honors. Thank you both. We'll reserve decision in this case.